STATE ex rel.
LAW et al.
v.
PERKINS et al.

STATE ex rel. LAW and others vs. PERKINS and others.

By the original act incorporating the "Burlington Union School District," the directors were to be elected annually. By an amendatory act of February, 1858, it was declared that the directors should be elected annually, and that said district should be subject to the same rules as were prescribed by law for common school districts, and that all the general laws of the state, and any alterations which might thereafter be made relating to common schools, should be applicable to said district, except as was otherwise provided in the original act of incorporation, and in the amendatory act. Chap. 188 of the general laws of 1858 changed the term of office of the officers of common school districts from one year to three years. *Held*, that the term of office of the directors of the district above named continued to be for one year only.

INFORMATION in nature of *quo warranto*.

*J. H. Howe*, Attorney General, and *C. W. Bennett*, for relators.

*Lewis Boyce*, for respondents.

*By the Court*, COLE, J. The question which arises upon the pleadings in this case and the statement of facts agreed upon by the parties, is, whether the directors of the Burlington Union School District are elected for one or three years. The district was incorporated by a special act of the legislature in 1857 (see Priv. Laws of 1857, chap. 408, p. 1112), and clothed with powers and privileges not conferred upon school districts by the general statute relating to common schools. By the original act of incorporation it was provided, among other things, that the qualified electors of the district should elect on the third Monday of September of each year, three directors, one clerk and one treasurer, who were to constitute the district board. By an amendatory act approved February, 1858, (Priv. Laws, chap. 23, p. 43,) it was declared that Burlington Union School District as then organized, and the officers thereof, should possess all the powers and privi-

January Term, 1861.

STATE ex rel. LAW et al. v. PERKINS et al.

leges, and be subject to the same laws, rules and usages as are prescribed by law for common school districts, and that all the general laws of the state, and any alterations which might thereafter be made, relating to the common schools, should be applicable to, and binding upon, the Burlington Union School District, the same as upon other common schools, *except as was otherwise provided in the original act of incorporation and the amendatory act.* By the fourth section of this act it was provided, that "the officers of said district shall hereafter be elected at the annual district meeting, to be held annually on" &c. Chapter 138 of the general laws of 1858 changed the term of office of the officers of common school districts from one to three years; and it is contended that this general statute applied to and fixed the term of office of the officers of the Burlington Union School District. But we think this is an erroneous view of the effect of the statutes. For although the amendatory act of 1858 declared that the general laws relating to the common schools as they existed at the time of the passage of that act, and any alterations which might afterwards be made in those general laws, should apply to the Burlington School District, yet these general laws were only to apply and control when it was not otherwise provided by the act of incorporation and the amendatory act. Now both the act of incorporation and the amendatory act are clear and specific upon the point as to how long the officers of the Burlington School District should hold their offices. They were to be elected annually, and of course were to hold their offices for only one year. The tenure of office, therefore, for that district, is a matter falling clearly within the exceptions of the amendatory act, and is not affected by the general statute. The relators, it appears from the statement of facts, were legally elected directors at the annual school meeting for the election of officers on the last Monday of September, 1860. The respondents claim the right to hold their office for three years by virtue of the general statutes. But as these do not apply to this subject, and the tenure of office being fixed at one year by the special acts of the legislature incorporating the Burlington School District, it follows that judgment of

ouster must be given against the respondents and in favor of the relators' right to the office.

Judgment accordingly.